**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4392
_____

YAN YAN,
                              Appellant
v.

FOX CHASE CANCER CENTER; HUA-YING FAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:12-cv-03858)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2015

Before: CHAGARES, JORDAN and NYGAARD, Circuit Judges

(Opinion filed September 23, 2015)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Yan Yan appeals pro se from the District Court's order granting the defendants' motion for summary judgment.[1]  We will affirm the District Court's order.

I.

Yan filed a complaint in the District Court alleging that her employers, defendants Fox Chase Cancer Center ("FCCC") and Dr. Hua-Ying Fan, discriminated against her based on her sex, national origin, and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, and the Pennsylvania Human Relations Act

---

[1] Yan's notice of appeal states that she seeks also review of the October 30, 2014 order entered by the District Court, which denied her Rule 60(b) motion for reconsideration and her motions for sanctions.  However, Yan did not present any arguments challenging those orders in her opening (or reply) brief.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (An appellant is "required to set forth the issues raised on appeal and to present an argument in support of those issues in [her] opening brief."); Fed. R. App. P. 28(a)(5).  Accordingly, she has waived any challenges to that order.  See Kost, 1 F.3d at 182.  We note that even if Yan had raised arguments concerning the District Court's October 30th denial of her motions, the District Court's decision was not an abuse of discretion.  See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011) (denials of Rule 60(b) motions are reviewed for abuse of discretion); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (same for denials of motions for sanctions).

On February 27, 2015, Yan also filed an amended notice of appeal that merely refers to the initial notice of appeal.  The purpose of the amended notice of appeal is thus unclear.  Further, to the extent that Yan seeks to appeal from the District Court's January 8, 2015 or January 20, 2015 orders (which neither her amended notice of appeal nor her briefs mention), the notice of appeal is untimely.  See Fed. R. App. P. 4(a).

("PHRA"), 43 Pa. Cons. Stat. Ann. § 951. She also alleged that the defendants violated the Equal Pay Act, 29 U.S.C. § 206, by paying her less than a male employee.[2]

Yan is a female Chinese citizen who was hired by Dr. Fan as a scientific technician at her laboratory at FCCC. Initially, Dr. Fan offered Yan the position of Scientific Technician II, but the human resources department determined that Yan's work experience would make her more suited for a Scientific Technician I position, with advancement opportunities. The Scientific Technician I position had fewer and less technical responsibilities than those of the Scientific Technician II position. Accordingly, an official letter was sent to Yan offering her the position of Scientific Technician I, with an annual salary of $32,500. Yan accepted the offer and started working at the lab on June 1, 2010.

Yan's time at FCCC was short. At Yan's thirty-day performance evaluation, Dr. Fan noted several areas for improvement. Then, on July 7, 2010, FCCC notified all of

---

[2] The District Court noted that Yan had "at times" suggested that she was discriminated against based on her age and disability, but that she did not assert those claims in her complaint. Accordingly, it did not consider any such claims in its summary judgment decision. In Yan's appellate briefing, she again argues that she was discriminated against based on her age and disability. We decline to consider these issues. See In re Montgomery Ward & Co., Inc., 428 F.3d 154, 166 (3d Cir. 2005).

the employees[3] of Dr. Fan's lab that the lab would be closing due to Dr. Fan's acceptance of a position at the University of Pennsylvania. FCCC informed the employees that their positions would be terminated on August 31, 2010. However, on August 16, 2010, Dr. Fan terminated Yan's employment, explaining that her performance had not improved since her thirty-day performance evaluation. Further, Yan had made additional mistakes, such as approving payment for supplies that were not received by the lab and mislabeling experiment samples. Although Yan's termination was effective on August 16th, she was paid until August 31st.

After Yan's termination from employment, she filed charges with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). And after receiving a right-to-sue letter, Yan commenced this lawsuit in July 2012. Following discovery, which was beset by several delays caused by Yan,[4] the defendants filed a motion for summary judgment, which the District Court granted on September 18, 2014.

---

[3] Dr. Fan's lab employed several people: a male graduate student from Russia, a Caucasian male staff scientist from the United States, an Asian male post-doctoral associate from India, and an Asian female lab volunteer from India.

[4] The District Court considered dismissing Yan's case as a sanction for her repeated violations of Court orders. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). Although the District Court determined that dismissal was warranted, it ultimately imposed the lesser sanction of striking Yan's answers to the defendants' first set of interrogatories. Although Yan made numerous factual assertions in her answers,

Yan filed a timely motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b), which the District Court denied on October 30, 2014.

Yan now appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's grant of summary judgment de novo, viewing all inferences drawn from the underlying facts in the light most favorable to the nonmoving party.[5] Montone v. City of Jersey City, 709 F.3d 181, 189 (3d Cir. 2013). Summary judgment is proper only if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). After careful review of the record, we conclude that the District Court correctly granted the defendants' motion for summary judgment for the reasons provided in its September 18, 2014 memorandum.

The District Court properly analyzed Yan's discrimination claims according to the burden-shifting framework established by McDonnell Douglas Corp. v. Green, 411 U.S.

---

defendants were unable to question her regarding those assertions because Yan failed to appear for her deposition in violation of the District Court's order. Yan has not challenged this sanction on appeal, and the District Court acted well within its discretion in imposing it in any event.

[5] We note that we "may only review the record as it existed at the time summary judgment was entered . . . . The parties cannot add exhibits, depositions or affidavits to support their position." Union Pac. R.R. v. Greentree Transp. Trucking Co., 293 F.3d 120, 125-26 (3d Cir. 2002). Accordingly we will not consider the documents outside the record that Yan has attached to her briefs on appeal.

792, 802 (1973). See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410 (3d Cir. 1999).

Under this test, only if Yan established a prima facie case of discrimination were the

defendants required to "articulate some legitimate, nondiscriminatory reason" for her

termination. McDonnell Douglas, 411 U.S. at 802. Yan then had the opportunity to

show that the legitimate reason offered by the defendants was pretextual. See id. at 804-

05.

We agree with the District Court that, even had Yan established a prima facie case

of discrimination, she did not establish that the legitimate, non-discriminatory reason

proffered by the defendants for her termination of employment was pretext for unlawful

discrimination. The defendants asserted that Yan's employment was terminated because

she was unable to adequately perform the basic functions of her job. Yan argued that the

mistakes she made did not justify her termination of employment. However, Yan

provided no evidence "from which a factfinder could reasonably infer that the employer's

proffered justification is merely a pretext for discrimination." See Burton v. Teleflex,

Inc., 707 F.3d 417, 426 (3d Cir. 2013). To show pretext, the plaintiff "must point to

some evidence, direct or circumstantial, from which a factfinder could reasonably either

(1) disbelieve the employer's articulated, legitimate reasons; or (2) believe that an

invidious discriminatory reason was more likely than not a motivating or determinative

cause of the employer's action." Id. at 427 (quotation marks omitted). As the District

6

Court explained, Yan's belief that she performed better than her colleagues does not undermine the defendants' assertion that she was terminated for performance problems, as she set forth no evidence that she was subject to an adverse employment action due to discriminatory animus. Accordingly, we agree with the District Court's decision to grant summary judgment as to Yan's employment discrimination claims.

Yan's Equal Pay Act claim is equally deficient. She asserted that the defendants violated the Equal Pay Act by paying her less than a male employee, Girish Hemashettar. To succeed on her claim, Yan had to first establish that a male employee was' paid differently for performing 'equal work' – work of substantially equal skill, effort and responsibility, under similar working conditions." Stanziale v. Jargowsky, 200 F.3d 101, 107 (3d Cir. 2000). Only if she met this burden were the defendants required to meet a burden of persuasion to "demonstrate the applicability of one of the four affirmative defenses specified under the Act." Id.

Yan did not establish a prima facie case. While Mr. Hemashettar's starting salary was $1500 more than Yan's, he acted as a "true lab manager," whereas Yan's primary duties were ordering laboratory supplies and materials, "creating and making general solutions and reagents for use in the laboratory's experiments, photographing and analyzing relevant samples, assisting in experiments, and conducting basic data analysis." Mr. Hemashettar no longer worked at the lab when Yan started, and, as the District Court

stated, Yan provided no independent support for her belief that Mr. Hemashettar had performed substantially the same work that she did. Therefore, the District Court properly granted summary judgment on this claim.

We have considered Yan's remaining arguments, and have determined that they are meritless. For the foregoing reasons, we affirm the District Court's order. Yan's motions for costs are denied.